United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                      Case No. 25-10539-amc

Joseph A. Ragus, Jr.                                                                Chapter 13

Terri M. Ragus

     Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2                         User: admin                                      Page 1 of 2

Date Rcvd: Jun 05, 2026                  Form ID: pdf900                           Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2026:**

**Recip ID**      **Recipient Name and Address**
db/jdb      + Joseph A. Ragus, Jr., Terri M. Ragus, 1235 Fieldstone Court, Quakertown, PA 18951-2456

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2026 at the address(es) listed below:**

**Name**      **Email Address**

KENNETH E. WEST
      on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com

KENNETH E. WEST
      ecfemails@ph13trustee.com  philaecf@gmail.com

MAGGIE S SOBOLESKI
      on behalf of Creditor PENNYMAC LOAN SERVICES  LLC msoboleski@kmllawgroup.com, 3532@notices.nextchapterbk.com

MATTHEW K. FISSEL
      on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

MILOS GVOZDENOVIC
      on behalf of Creditor PSECU mgvozdenovic@weltman.com  pitecf@weltman.com

PAUL H. YOUNG
      on behalf of Joint Debtor Terri M. Ragus support@ymalaw.com

District/off: 0313-2          User: admin          Page 2 of 2

Date Rcvd: Jun 05, 2026          Form ID: pdf900          Total Noticed: 1

ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com

PAUL H. YOUNG

on behalf of Debtor Joseph A. Ragus  Jr. support@ymalaw.com, ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph A. Ragus, Jr.<br>Terri M. Ragus<br>      Debtors | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC<br>      Moving Party<br>vs. | NO. 25-10539 AMC |
| Joseph A. Ragus, Jr.<br>Terri M. Ragus<br>      Debtors | 11 U.S.C. Section 362 |
| Kenneth E. West<br>      Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     As of May 19, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$5,367.62**. Post-petition funds received after May 19, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:          February 2026 at $1,322.48;
                                 March 2026 through May 2026 at $1,348.38 each
**Total Post-Petition Arrears:**   **$5,367.62**

2.     The Debtors shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,367.62**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,367.62** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.     Beginning with the payment due **June 2026** and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of **$1,348.38** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:   May 19, 2026                     /s/ Maggie Soboleski
                                         Maggie Soboleski, Esq.
                                         Attorney for Movant


Date:_____                    Paul H. Young
                                         Attorney for Debtors


Date:___June 1, 2026_____              /s/ Jack K. Miller, Esquire    for
                                         Kenneth E. West
                                         Chapter 13 Trustee

                                         I have no objection to the terms of the proposed stipulation, without
                                         prejudice to any rights or remedies available to us.

Approved by the Court this __5th__ day of ___June_____ , 2026.  However, the Court
retains discretion regarding entry of any further order.

_____

Bankruptcy Judge
Ashely M. Chan